UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Michael James Constantine,

                    Petitioner,                        Court File No. 13-cv-2867 (MJD/LIB)

    v.                                                 **ORDER AND**
                                                  **REPORT AND RECOMMENDATION**
Warden J.R. Krueger,

                    Respondent.

---

       This matter comes before the undersigned United States Magistrate Judge upon Petitioner

Michael James Constantine's Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254,

[Docket No. 1]. This case has been referred to the undersigned Magistrate Judge for report and

recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. Respondent filed a Motion to

Dismiss Petition for Writ of Habeas Corpus, [Docket No. 6]; and Petitioner subsequently

responded with a Motion to Request Leave to Amend Petition for Writ of Habeas Corpus,

[Docket No. 14]. For reasons discussed herein, the Court **GRANTS** Petitioner's Motion to

Request Leave to Amend Petition for Writ of Habeas Corpus, [Docket No. 14]. The Court

recommends that Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus, [Docket

No. 6], be **GRANTED**, and that Petitioner Constantine's Petition for writ of habeas corpus be

**DENIED** and this action be **DISMISSED with prejudice.**

## I.    BACKGROUND AND STATEMENT OF FACTS

       On or about October 18, 2013, Petitioner Michael James Constantine ("Petitioner"), a

federal prison inmate proceeding *pro se*, filed a Petition for a writ of habeas corpus with the

Court challenging his Minnesota state court first degree burglary conviction and sentence.

(Petition [Docket No. 1]).

In the relevant underlying state court proceedings, an amended criminal complaint charged Petitioner with both first and second degree burglary, in violation of  Minn. Stat. § 609.582, based on evidence that Petitioner and an accomplice broke into an apartment building and stole a flat screen television and DVD player from the building's community room. State v. Constantine, No. A11-1579, 2012 WL 2368872, at *1 (Minn. Ct. App. June 25, 2012). A jury found Petitioner guilty of both counts of burglary and determined that Petitioner's offenses evidenced a "pattern of criminal conduct." Id. The trial court sentenced Petitioner to 240 months for first degree burglary as a repeat offender. Id.

On direct appeal, Petitioner, represented by counsel, challenged the State's amendment of the underlying criminal complaint to include one count of first degree burglary in addition to the existing count of second degree burglary, arguing that insufficient facts/evidence supported the addition of a first degree burglary charge. Id.; see also Petitioner's Appellate Brief (Exhibits in Support of Motion to Dismiss [Docket No. 9], at 2-17). Petitioner's argument on direct appeal specifically focused on the first degree burglary "occupied dwelling" element.[1] Constantine, 2012 WL 2368872, at *1. Petitioner made no arguments concerning any alleged violation of federal law or his constitutional rights; rather, Petitioner simply argued that the facts in his case

---

[1] Whoever enters a building without consent and with intent to commit a crime, or enters a building without consent and commits a crime while in the building, either directly or as an accomplice, commits burglary in the first degree and may be sentenced to imprisonment for not more than 20 years or to payment of a fine of not more than $35,000, or both, if:
(a) **the building is a dwelling and another person, not an accomplice, is present in it when the burglar enters or at any time while the burglar is in the building;**
(b) the burglar possesses, when entering or at any time while in the building, any of the following: a dangerous weapon, any article used or fashioned in a manner to lead the victim to reasonably believe it to be a dangerous weapon, or an explosive; or
(c) the burglar assaults a person within the building or on the building's appurtenant property.

Minn. Stat. § 609.582, subd. 1 (emphasis added).

should have distinguished it from other Minnesota state court cases involving burglary of an "occupied dwelling." Id. Petitioner argued that the trial court's interpretation and application of "occupied dwelling" was contrary to Minnesota case law and public policy. Id. at *3. Petitioner's appellate brief (written by counsel)[2] cites to Minnesota state case law and Minnesota state statutory provisions for the proposition that the burgled community room could not and should not have qualified as an "occupied dwelling." (Exhibits in Support of Motion to Dismiss [Docket No. 9], at 10).

The Minnesota Court of Appeals framed Petitioner's argument on direct appeal as one of statutory construction. Citing to Minnesota state case law and Minnesota statutes, the Minnesota Court of Appeals determined that "courts have read the language of the burglary statute broadly and as covering any number of factual situations." Constantine, 2012 WL 2368872, at *2 (citing to multiple Minnesota state court decisions). The Minnesota Court of Appeals held that sufficient evidence existed to prove beyond a reasonable doubt that Petitioner entered a dwelling in which another person (other than his accomplice) was present, i.e., an "occupied dwelling," with the intent to commit a crime therein. Id. at *3. The court affirmed Petitioner's first degree burglary conviction and sentence. Id.

Petitioner sought review of the June 25, 2012 Minnesota Court of Appeals decision by the Minnesota Supreme Court, again raising the statutory construction issue of how Minnesota courts are to define "occupied dwelling." (Exhibits in Support of Motion to Dismiss [Docket No. 9], at 73-79). In his Petition for Review to the Minnesota Supreme Court following the intermediate appellate decision, Petitioner frames the question before the Supreme Court as "what constitutes an 'occupied dwelling' under Minnesota's first degree burglary statute?" (Id. at

---

[2] Petitioner's supplemental *pro se* appellate brief raised additional issues for review by the Minnesota Court of Appeals, none relevant to the present habeas petition, as discussed herein.

77). The Minnesota Supreme Court denied Petitioner Constantine's petition for further review on September 18, 2012. (Id. at 113). The present record before the Court is devoid of any evidence that Petitioner ever pursued any state collateral post-conviction proceedings.

In his present Petition for a writ of habeas corpus, Petitioner Constantine alleges nine (9) claims, including (1) ineffective assistance of trial counsel for "not making sure that Petitioner was present at every stage of the criminal prosecution"; (2) ineffective assistance of trial counsel for failing to request the trial judge recuse herself and "not making sure that the prosecutor notified Petitioner that the judge was the previous prosecutor's sister," creating a conflict of interest; (3) incorrect finding of guilt by the trial court on both burglary of an occupied dwelling and burglary of an unoccupied dwelling; (4) incorrect finding by the trial court regarding what constitutes an "occupied dwelling"; (5) incorrect amendment of Petitioner's underlying criminal complaint to include a first degree burglary charge; (6) ineffective assistance of trial counsel in failing to conduct a thorough investigation and obtain witnesses in Petitioner's defense, resulting in an alleged conflict of interest between Petitioner and his trial counsel; (7) ineffective assistance of counsel for failure to identify and object to judicial misconduct; (8) the trial court lacked jurisdiction over the charges alleged in the Indictment or criminal complaint; and (9) ineffective assistance of counsel for failing to object to video testimony by confidential informants. (Petition [Docket No. 1], at 6-7).

## II.   PETITIONER'S MOTION TO REQUEST LEAVE TO AMEND PETITION FOR WRIT OF HABEAS CORPUS, [DOCKET NO. 14]

In response to Respondent's Motion to Dismiss, [Docket No. 6], Petitioner moves the Court for an order allowing Petitioner to amend his habeas Petition "to correct deficiencies and more properly present his valid claim(s) to this Court." (Petitioner's Motion to Amend [Docket

No. 14], at 1). Specifically, Petitioner seeks leave of the Court to withdraw Claims 1-3 and 5-9, thus leaving only an amended Claim 4 for the Court's consideration. (Id. at 2).

### A.   Petitioner's Proposed Amended Petition

In his motion papers, Petitioner includes a proposed amended Claim 4, by which Petitioner claims to have been wrongfully convicted of first degree burglary as a result of the trial court's "unreasonable determination of the facts in light of the evidence presented, by improperly construing the common area of an apartment building as an 'occupied dwelling.'" (Id.) Mirroring the claim raised on direct appeal in the state courts, Petitioner states that the trial court erred in finding that the burgled common area of the subject apartment building constituted an "occupied dwelling," and that Petitioner's first degree burglary conviction is accordingly unconstitutional and more appropriately considered a "theft of real property" crime. (Id. at 2-6). Petitioner argues that the Court should vacate his first degree burglary conviction and "remand" the case "to reflect a charge of Second Degree Burglary." (Id. at 6).

### B.   Standard of Review

The federal statute governing habeas petitions "allows amendments [to petitions] as provided in the applicable rules of civil procedure." Clemmons v. Delo, 177 F.3d 680, 686 (8th Cir. 1999) (citing 28 U.S.C. § 2422; Evans v. King, No. 10-cv-4045 (SRN/SER), 2012 U.S. Dist. LEXIS 135061, at *83 (D. Minn. July 30, 2012) (Rau, M.J.) ("28 U.S.C. § 2422 provides that a writ of habeas corpus may be amended as dictated in the Federal Rules of Civil Procedure."), adopted by 2012 U.S. Dist. LEXIS 133769 (D. Minn. Sept. 19, 2012) (Nelson, J.). Accordingly, the Court looks to Fed. R. Civ. P. 15.

Except where amendment is permitted as a matter of course, Federal Rule of Civil Procedure 15 provides that a party may amend its pleading only with the opposing party's

written consent or the court's leave, and Rule 15 instructs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has explained the purposes of Rule 15(a) as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of such an apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962); see also Moore-El v. Luebbers, 446 F.3d 890, 901-02 (8th Cir. 2006) (in habeas case, applying Foman v. Davis standard to motion to amend petition). Although "parties do not have an absolute right to amend their pleadings, even under this liberal standard," Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008), the Court begins its review "with a presumption of liberality." DeRoche v. All Am. Bottling Corp., 38 F. Supp. 2d 1102, 1106 (D. Minn. 1998).

### C.    Analysis

In addition to the fact that Respondent did not file any opposition to Petitioner's motion to amend, Eighth Circuit jurisprudence provides that courts should consider motions to amend the pleadings prior to ruling on pending motions to dismiss or disposing of a case on the merits. In Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.2d 952 (8th Cir. 2002), the defendant moved to dismiss the plaintiff's complaint for failure to state a claim upon which relief may be granted. Id. at 955. While the motion to dismiss was pending, the plaintiff filed a motion to amend its pleading and add additional parties. Id. The district court granted the defendant's

motion to dismiss and denied as moot the plaintiff's motion to amend. Id. On appeal, the Eighth

Circuit reversed, writing:

> [T]he district court ignored Pure Country's motion to amend, granted Sigma Chi's motion to dismiss the original complaint, and then denied Pure Country's motion to amend the complaint as moot. That approach, as a procedural matter, was plainly erroneous. If anything, Pure Country's motion to amend the complaint rendered moot Sigma Chi's motion to dismiss the original complaint. We therefore reverse the district court's denial of Pure Country's motion to amend the complaint, and we remand the matter to the district court with instructions to reconsider the motion under the discretionary standard asserted by Pure Country. In order to permit the district court to reconsider the motion to amend the complaint, we also vacate the district court's dismissal of the original complaint; however, we do so subject to the possibility that the claims in question may again be dismissed by the district court following its ruling on the motion to amend.

Id. at 956 (internal citations omitted). The Eighth Circuit held that it is procedural error to grant a

pending motion to dismiss, and subsequently dismiss a motion to amend the complaint as moot,

recommending, instead, that courts apply the Rule 15 discretionary standard and first weigh

motions to amend. Id.; Murrin v. Fischer, No. 07-cv-1295 (PJS/RLE), 2008 WL 540857 (D.

Minn. Feb. 25, 2008).

    Accordingly, the Court finds that it is procedurally proper to consider the proposed

amendment prior to consideration of any motions to dismiss and/or the merits of Petitioner's

claims. The Court freely allows Petitioner leave to amend his Petition, by withdrawing eight of

his nine claims for relief and clarifying existing Claim 4. Petitioner should be allowed a full and

fair opportunity to construct his claims as he sees fit prior to a substantive consideration of

Respondent's motion to dismiss and Petitioner's habeas Petition. See Foman, 371 U.S. at 182.

    The Court finds no reason, on the present record, to deny Petitioner the opportunity to

amend his Petition. Petitioner's motion for leave to amend was filed in time to be considered

prior to the Respondent's Motion to Dismiss, [Docket No. 6]. Significantly, the Respondent has not opposed Petitioner's motion and will not suffer any undue prejudice as a result of the proposed amendments. As articulated above, Petitioner's proposed amendments do not introduce any new claims; to the contrary, Petitioner withdraws the vast majority of his claims.

For the foregoing reasons, the Court **GRANTS** Petitioner's Motion to Request Leave to Amend Petition for Writ of Habeas Corpus, [Docket No. 14].

## III.    RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS, [DOCKET NO. 6]

Pursuant to Rule 5 of the Rules Governing 28 U.S.C. § 2254 Cases, Respondent moves the Court for an order dismissing the Petition with prejudice as Petitioner's claims have been procedurally defaulted. (Respondent's Motion to Dismiss [Docket No. 6]).

Upon review of Petitioner's now-operative Amended Petition (consisting of a single count – Claim 4), Petitioner does not incorporate any new, additional claims against Respondent but rather withdraws the vast majority of his original claims. Therefore, in the interests of judicial efficiency, the Court will consider the Respondent's Motion to Dismiss, [Docket No. 6], as redirected at Petitioner's Amended Petition, in its consideration of the merits of Petitioner's amended Claim 4.

### A.    Standard of Review

"The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) instructs federal courts to engage in a "limited and deferential review of underlying state court decisions." Mark v. Ault, 498 F.3d 775, 782-83 (8th Cir. 2007). Under the

8

AEDPA, relief may not be granted to a petitioner with respect to any claim that was adjudicated

on the merits in state court unless the state court's decision:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in

light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Federal courts consider a decision "contrary to" precedent when a state court "arrives at a

conclusion opposite to that reached by the [Supreme] Court on a question of law" or decides a

case differently than the Supreme Court has on a set of materially indistinguishable facts.

Williams v. Taylor, 529 U.S. 362, 413 (2000). An "unreasonable application" of federal law

exists when the state court "correctly identifies the governing legal rule but applies it

unreasonably to the facts of a particular prisoner's case." Id. at 408. Federal courts "may not

issue the writ simply because it 'concludes in its independent judgment that the relevant state-

court decision applied clearly established federal law erroneously or incorrectly. Rather, that

application must also be unreasonable.'" Lyons v. Luebbers, 403 F.3d 585, 592 (8th Cir. 2005)

(quoting Williams, 529 U.S. at 411). In reviewing state court decisions, a "federal court also

presumes that the state court's factual determinations are correct." Lee v. Gammon, 222 F.3d

441, 442 (8th Cir. 2000). A petitioner can only rebut this presumption by "clear and convincing

evidence." Id.; 28 U.S.C. § 2254(e)(1).

Importantly, it is well established that a federal court will not entertain a petition for a

writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all

available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842

(1999); Rose v. Lundy, 455 U.S. 509 (1982). The exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal law errors raised by state prisoners. O'Sullivan, 526 U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

To satisfy the exhaustion of state court remedies requirement, a prisoner must fairly present all of his federal law claims to the highest available state court before seeking habeas corpus relief in federal court. O'Sullivan, 526 U.S. at 845; Duncan, 513 U.S. at 365-66; McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("Before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court."). Because federal courts will not entertain unexhausted habeas corpus claims, petitions that include such claims are subject to summary dismissal under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**B.      Petitioner's remaining Claim 4 is procedurally defaulted.**

As set forth above, see Section II, Petitioner presents only one remaining habeas claim to the Court via his Amended Petition, claiming that the state court's understanding and application of the statutory element "occupied dwelling" in Petitioner's underlying case was both contrary to state law and generally in violation of his constitutional rights.

The "[m]ere similarity between . . . state law claims and . . . federal habeas claims is insufficient" to satisfy the fair presentation/exhaustion requirement. Carney v. Fabian, 487 F.3d 1094, 1097 (8th Cir. 2007). The petitioner must "have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." Id. at 1096.

10

In <u>Miller v. Minnesota</u>, the petitioner wholly failed to mention federal law or the U.S. Constitution in his direct appeal. As a result, even though he raised a claim similar if not virtually identical to his habeas claim on the direct appeal below, the Minnesota Supreme Court was not given a full and fair opportunity to consider the <u>federal</u> aspect of petitioner's claim. Instead, the state courts examined the issue only in the context of <u>state law and state precedent</u>. <u>Miller v. Minnesota</u>, No. 09-cv-2405 (DWF/LIB), 2011 WL 5593181, at *5 (D. Minn. Aug. 16, 2011), <u>report and recommendation adopted</u>, No. 09-cv-2405 (DWF/LIB), 2011 WL 5570697 (D. Minn. Nov. 16, 2011).

Akin to the facts in <u>Miller</u>, Petitioner failed to first submit his present habeas claim as a <u>federal</u> issue to the Minnesota Supreme Court, and, therefore, he fails to meet the exhaustion requirements necessary for federal review. On direct appeal in the state courts below, Petitioner did indeed challenge the application of the statutory phrase "occupied dwelling" to the facts of his underlying state court claim, much as he does via his amended Claim 4. However, at no point on direct review below did Petitioner ever challenge his first degree burglary conviction with reference to a violation of any specific federal or constitutional law. Rather, both the state court appellate briefing and the state appellate court decisions focus their analyses solely on Minnesota state statutes, the interpretation thereof, and precedent set by Minnesota state case law. Accordingly, Petitioner has failed to demonstrate that such adjudication in the state courts below either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or that it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Consequently,

Petitioner has failed to exhaust his habeas claim and is not entitled to habeas relief pursuant to 28 U.S.C. § 2254(d). See Miller v. Minnesota, 2011 WL 5570697 (D. Minn. Nov. 16, 2011).

When a petitioner fails to exhaust a claim, federal courts will review whether the unexhausted claim is procedurally defaulted, i.e., whether state law bars the claim from now being heard in state court. McCall, 114 F.3d at 757. The state procedural rule preventing relief must be well established and regularly followed for a claim to be considered procedurally defaulted. Oxford v. Delo, 59 F.3d 741, 744 (8th Cir. 1995). Minnesota courts have "consistently held that a claim raised on direct appeal will not be considered upon a subsequent petition for post conviction relief." Roby v. State, 521 N.W.2d 482, 484 (Minn. 1995) (citing State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976)). Further, Minnesota precludes relief for "all claims known but not raised by the defendant . . ." at the time of the direct appeal. Carney v. State, 692 N.W.2d 888, 891 (Minn. 2005).

In the present case, as in Miller, supra, Petitioner's claim regarding the state court's understanding and application of the statutory element "occupied dwelling" is virtually identical to the claim he raised on direct appeal to the Minnesota Court of Appeals and the Minnesota Supreme Court. Accordingly, Petitioner very clearly had the opportunity during his direct appeal to argue that the state court's finding that the burgled community room qualified as an "occupied dwelling" violated some specific federal or constitutional law in addition to state precedent. As in Miller, supra, because Petitioner demonstrates that he was aware of potential issues surrounding the trial court's definition and application of facts to "occupied dwelling," he had every opportunity to raise the issue as a violation of federal or constitutional law as well as state

law on direct appeal in the state courts, and, accordingly, Petitioner now has no further recourse under Minnesota law and procedure. The Court finds Petitioner's claim procedurally defaulted.[3]

The Court recommends the Amended Petition be dismissed with prejudice.[4]

## C.    Certificate of Appealability

A Section 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, could decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants further appellate review.

---

[3] When a prisoner fails to exhaust his state court remedies for a claim, and state procedural rules preclude any attempt to satisfy the exhaustion requirement for that claim, then the claim is not unexhausted, but rather "procedurally defaulted." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Thus, if a state court remedy remains, courts classify a previously unraised habeas claim as "unexhausted," but if state court remedies are no longer available, then courts consider the claim "procedurally defaulted." Armstrong v. Iowa, 418 F.3d 924, 926 (8th Cir .2005).

[4] As the Court has previously articulated in its October 21, 2013 Order in the present case, a habeas corpus petition that includes one or more unexhausted claims will be dismissed without prejudice pursuant to Rose v. Lundy, 455 U.S. 509 (1982), if and only if there still is an available state court remedy by which the unexhausted claim(s) can be heard and decided on the merits in the state courts. Id. If there is no state court remedy available for any of the petitioner's unexhausted claims, then those claims normally will be dismissed with prejudice based on the doctrine of procedural default. (Order [Docket No. 4], at n.2).

See also Trevino v. Thaler, 133 S. Ct. 1911, 1917 (2013) (holding that "[t]he doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law"). Petitioner has demonstrated no grounds to apply any exception to dismissal of his procedurally defaulted claim with prejudice.

It is therefore recommended that Petitioner not be granted a COA in this matter. <u>See, e g.,</u>

<u>Samuelson v. Roy</u>, No. 13-cv-3025 (PAM/LIB), 2014 WL 2480171 (D. Minn. May 28, 2014).

## III.    CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED:**

1.    That Petitioner's Motion to Request Leave to Amend Petition for Writ of Habeas Corpus,

[Docket No. 14], is **GRANTED**.


**IT IS HEREBY RECOMMENDED:**

1.    That Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus, [Docket No.

6], be **GRANTED**; and

2.    That the Amended Petition for a writ of habeas corpus be **DISMISSED with prejudice.**



Dated: July 31, 2014                                    **s/ Leo I. Brisbois**
                                                        Leo I. Brisbois
                                                        U.S. MAGISTRATE JUDGE


# N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by August 14, 2014**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections **by August 28, 2014**. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.